IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
                    Plaintiff,  )
                                )
v.                              )          No. 3:21-CR-107-KAC-JEM
                                )
RYAN STIMPERT,                  )
                                )
                    Defendant,  )

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.

§ 636(b) for disposition or report and recommendation regarding disposition by the District Court

as may be appropriate.

The Grand Jury for the Eastern District of Tennessee returned an Indictment against ten

defendants, including Ryan Stimpert [Doc. 3]. In the Indictment, Defendant Stimpert is charged

in Count One with conspiracy to distribute and possess with the intent to distribute fifty grams or

more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1),

841(b)(1)(A), and 846. Defendant Stimpert is not charged in Count Two, which charges

conspiracy to distribute and possess with the intent to distribute 500 grams or more of cocaine, in

violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846 [*Id.*].

Now before the Court are the following motions filed by Defendant Ryan Stimpert:

1. Defendant's First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [Doc. 144];

2. Defendant's Motion for a F.R.CR.P. Rule 7(f) Bill of Particulars [Doc. 145];

3. Defendant's Motion for Pretrial Disclosure of Rule 404(b) Evidence [Doc. 147];

4. Defendant's Motion for Disclosure of Material Witnesses [Doc. 148]; and

5. Defendant's Motion to Suppress Statements of Alleged Co-Conspirators or in Alternative Motion for a[n] *Enright* Hearing [Doc. 149].

The Government responded to each motion [Docs. 159, 160, 161, 162, and 163], and Defendant Stimpert filed an Omnibus Reply to the Government's Responses to Mr. Stimpert's Pretrial Motions [Doc. 168]. These matters are ripe for the Court's consideration. For the reasons set forth below, the Court **DENIES** each of Defendant Stimpert's motions [**Docs. 144, 145, 147, 148, and 149**].

## I.    DEFENDANT'S FIRST SPECIFIC BRADY MOTION FOR DISCLOSURE OF SPECIFIC ITEMS OF IMPEACHING INFORMATION [Doc. 144]

Defendant Stimpert moves the Court to enter an order compelling the Government to provide him with certain categories of exculpatory information of which the Government is aware or by the exercise of due diligence can become aware [Doc. 144]. Specifically, he seeks the following: (1) the existence, substance, and manner of execution of any agreement or understanding between the Government or any other law enforcement agency and any informants or witnesses for the Government; (2) any documents produced as a result of any agreement kept by the Government; (3) any testimony, statements, or memorandum referencing statements by witnesses describing the charged offenses that do not include any references to Defendant Stimpert; (4) all previous statements made by any witness to law enforcement officials that are inconsistent with the witness's testimony; (5) any record of any witness's arrest or conviction; (6) any allegations concerning the misconduct of any witness that is not reflected on the witness's criminal record, including probation files; (7) material related to any witness's mental or physical history that tends to reflect adversely on their reliability; (8) whether any witness was given a polygraph examination and the results thereof; (9) any information showing that any witness's identification of Defendant Stimpert was motivated to any degree by personal animosity;

2

(10) whether any witness has tested positive for the presence of illegal controlled substances while cooperating with the Government; and (11) whether any witness has tested positive for the presence of illegal controlled substances while any criminal charges were pending [*Id.*].

The Government responds that it intends to provide all of the requested material, to the extent it exists, but it asserts that it is not required to provide the material pretrial [Doc. 159]. It further asserts that it "will follow the requirements of *Brady* and provide any *Brady* material as soon as it become aware of any" [*Id.*]. Its practice is to provide Jencks and *Giglio* material the Friday before a trial is scheduled to begin, and it intends to do the same in this case [*Id.*].

In reply, Defendant Stimpert notes that under *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988), the Government should provide impeachment and exculpatory material to a defendant "in time for use at trial" [Doc. 168]. Given the number of witnesses involved in this case, Defendant Stimpert submits that receipt of impeachment and exculpatory material only one business day before trial is to begin is not "in time for use at trial" [*Id.*]. He asks for the material seven days before trial [*Id.*].

The discovery available in criminal cases is generally detailed in: (1) Federal Rule of Criminal Procedure 16; (2) the Jencks Act, 18 U.S.C. § 3500; and (3) the doctrine set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The Supreme Court has held that the government violates due process when it withholds from the defendant favorable evidence that is "material either to guilt or punishment." 373 U.S. at 87. This rule also extends to evidence that could be used to impeach the credibility of a government witness. *Giglio v. United States*, 405 U.S. 150, 154–55 (1972) (holding that impeachment evidence falls within *Brady* "[w]hen the reliability of a given witness may well be determinative of guilt or innocence").

Rule 16 requires the government to disclose, upon a defendant's request, any oral or written statements of the defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *United States v. Short*, 671 F.2d 178, 185 (6th Cir. 1982). The government is required to produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a).

In *United States v. Presser*, the Sixth Circuit found that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial," the defendant's constitutional rights are not violated. 844 F.2d at 1283. Further, the Sixth Circuit detailed that the Supreme Court "has made it clear that while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Id.* at 1281 (internal citations omitted). In this case, the Court's Order on Discovery and Scheduling provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 31 ¶ E].

In light of Sixth Circuit law and this Court's Order on Discovery and Scheduling, the Court will not compel pretrial discovery where the Government has already conceded that it is aware of

4

its obligations under *Brady* and *Giglio*, and Defendant has failed to establish that any of these rules require disclosure of the requested material at this time, or earlier than proposed by the Government. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser*, 844 F.2d at 1281 ("'[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.'" (quoting *U.S. v. Bagley*, 473 U.S. 667, 675 (1985))).

Accordingly, the Court will **DENY** Defendant's First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [**Doc. 144**].

## II. DEFENDANT'S MOTION FOR A F.R.CR.P. RULE 7(f) BILL OF PARTICULARS [Doc. 145]

Defendant Stimpert requests that the Court order the Government to provide a bill of particulars, and he seeks information regarding the charged offense, coconspirator statements, evidence of other acts or crimes, and evaluation of a guilty plea and sentencing [Doc. 145]. With respect to Count One of the Indictment, he seeks specificity and particularity about the following: (a) all persons with whom he acted in concert during the course of the alleged conspiracy; (b) his role in the alleged conspiracy; (c) the dollar amount he allegedly received and the dates such proceeds were received; (d) the exact date he is alleged to have entered into the conspiracy; (e) the names of the unindicted individuals with whom he is alleged to have agreed to distribute methamphetamine; (f) the dates and places of any meetings where the Government contends he joined the conspiracy, and the persons who witnessed the agreement; (g) the time, location of, and witnesses to any specific possession or distribution of a controlled substance he is alleged to have

committed in furtherance of the conspiracy; (h) the amount of methamphetamine he is alleged to have conspired to distribute; and (i) the identity of any unindicted coconspirators—among several other requests identified in paragraphs (1)(j)–(m). Defendant Stimpert also requests that the bill of particulars specify the substance and identity of any coconspirator statements the Government intends to introduce into evidence under Federal Rule of Evidence 801(d)(2)(E); specific details as to any Federal Rule of Evidence 404(b) acts or conduct the Government intends to offer into evidence against him; and specific details involving Federal Rule of Criminal Procedure 11 evaluation and sentencing factors [*Id.*].

In response, the Government asserts that the Indictment and the provided discovery enables Defendant Stimpert to prepare his defense and avoid unfair surprise at trial [Doc. 160]. It claims that the Indictment meets the requirements established by the Constitution, the Federal Rules of Criminal Procedure and applicable law in that it specifies the charged offense, the dates upon which those crimes occurred, and the allegations that set forth the offense's essential facts [*Id.*]. Further, it claims that the discovery the Government has produced in this case "provides the defendant with detail on precisely how the defendant fits into the conspiracy in this case, including identification of each drug-pertinent phone call the defendant had with coconspirator Gavin Robinson and the detailed summary of Robinson's statement" [*Id.* at 4].

Defendant replies that Gavin Robinson is not charged in the Indictment in this case, is not charged with distributing methamphetamine in either of his federal criminal cases, and does not mention in his brief reference to Defendant Stimpert in his statement when Defendant allegedly joint the conspiracy or any dates, times, or locations of transactions [Doc. 168].

"The indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1). As a general rule, an indictment

passes constitutional muster if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Landham*, 251 F.3d 1072, 1079 (6th Cir. 2001). An indictment may allege the charges using the words of the statute itself as long as it gives all the elements of the offense "'fully, directly, and expressly.'" *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)); *Landham*, 251 F.3d at 1079. The statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)); *see also Landham*, 251 F.3d at 1079.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars" and that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." "A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (internal citation omitted). The granting of a bill of particulars is within the Court's discretion. *See id.* The level of detail in the indictment can be a basis for denying the motion for a bill of particulars. *Id.* In addition, "'a defendant is not entitled to a bill of particulars with respect to information which is available through other sources.'" *United States v. Higdon*, 68 F. Supp. 3d 807, 811 (E.D. Tenn. 2014) (quoting *United States v.*

7

*Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000)).

Defendant Stimpert has set forth numerous requests in his motion for a bill of particulars. The Court has considered all of those requests but finds that the Indictment is sufficiently specific to inform Defendant Stimpert of the nature of the charge he faces and to permit him to prepare for trial. From the face of the Indictment, one can understand that the Government intends to prove at trial that between December 2018 and September 2019, Defendant Stimpert conspired with others to distribute and possess with intent to distribute at least 50 grams of methamphetamine [Doc. 3]. The Government has also detailed that much of the requested information is available from other sources through the provided discovery. The Court therefore concludes that the Government has given Defendant Stimpert sufficient information to permit him to craft a defense, avoid surprise, and plead a bar to a future double jeopardy violation. Even so, the Court will address certain of Defendant Stimpert's requests in greater detail below.

### A.    Conspiracy Charge

It is well settled that "[t]he Government is not required to allege or prove overt acts in furtherance of a drug conspiracy." *United States v. Oaks*, No. 2:18-CR-36-JRG-HBG, 2019 WL 2565662, at *3 (E.D. Tenn. June 19, 2019) (citing *United States v. Nelson*, 922 F.3d 311, 317 (6th Cir. 1990)); *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008) (explaining that a request for a bill of particulars may not be granted if the purpose "is to obtain a list of the Government's witnesses or to discover all of the overt acts that might be proven at trial."); *Salisbury*, 983 F.2d at 1375 ("[A] defendant is not entitled to discover all the overt acts that might be proven at trial."); *United States v. Dempsey*, 733 F.2d 392, 396 (6th Cir. 1984) (finding, with respect to a conspiracy charged under 21 U.S.C. § 846, that "'an overt act need be neither charged

8

nor proved'" (quoting *United States v. Umentum*, 547 F.2d 987, 991 (7th Cir. 1976))).

Accordingly, because there is no requirement that the government charge an overt act in a drug

conspiracy under § 846, there is likewise no need to particularize an indictment that fails to do so.

Defendant Stimpert seeks the dates that he is alleged to have participated in the conspiracy,

including the date he is alleged to have joined the conspiracy. But "for alleged drug conspiracies,

[the Sixth Circuit] has determined indictments charging an open start date and a specific end date

to be sufficient to apprise the defendants of the charges." *United States v. Kincaid*, No. 3:10-CR-

160, 2013 WL 3991796, at *6 (E.D. Tenn. Aug. 2, 2013) (citing *United States v. Vassar*, 346

F. App'x 17, 22 (6th Cir. 2009)), *report and recommendation adopted by*, 2013 WL 5488524 (E.D.

Tenn. Oct. 2, 2013). The Indictment charges Defendant Stimpert with the conspiracy to distribute

and possess with intent to distribute fifty grams or more of methamphetamine, its salts, isomers,

and salts of its isomers, beginning at least as early as December 2018 and continuing through

September 2019 (Count One) [Doc. 3]. The specific date on which Defendant Stimpert allegedly

joined the conspiracy is not an essential element of any charge against him. *See Oaks*, 2019 WL

2565662, at *2 (citing *United States v. Roman*, 728 F.2d 846, 852 (7th Cir. 1984)).

Furthermore, "the Sixth Circuit has held the government is not required to furnish in a bill

of particulars the names of co-conspirators or other persons present when a defendant allegedly

participated in a conspiracy." *United States v. Assad*, No. 2:18-CR-140, 2019 WL 4054988, at *3

(E.D. Tenn. Aug. 27, 2019) (citing *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991)); *see,*

*e.g.*, *United States v. Hofstetter*, No. 3:15-CR-27-TAV-CCS, 2018 WL 813254, at *7 (E.D. Tenn.

Feb. 9, 2018) ("Thus, the Government is not required to reveal the names of unindicted

coconspirators." (citing *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004))). Therefore,

9

Defendant Stimpert has failed to establish that he is entitled to the requested information about the date, time, location, and individuals involved in acts of the alleged conspiracy.

Ultimately, "[t]he bill of particulars is not intended as a means of learning the government's evidence and theories." *Musick*, 291 F. App'x at 724 (internal citations and quotation marks omitted). Nor is it "meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Salisbury*, 983 F.2d at 1375; *see, e.g.*, *United States v. Pullum*, No. 5:15-CR-70-DCR-REW, 2016 WL 11677773, at *3 (E.D. Ky. Oct. 11, 2016) ("To the extent Pullum seeks 'any and all statements and/or events . . . upon which the prosecution intends to rely to prove that the conspiracy existed[,]' . . . a bill of particulars is specifically not a tool to permit a defendant 'to discover all the overt acts that might be proven at trial[,]' or to 'learn [ ] the [details of the] government's evidence." (citations omitted)). Here, the Indictment alleges the conspiracy in Count One "with reasonable particularity of time [and] place." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875).

### B. Coconspirator Statements and Other Bad Acts

As the Court has already detailed, the government is not required to furnish in a bill of particulars on the names of coconspirators or other persons present when Defendant allegedly participated in the conspiracy. *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991); *see also Crayton*, 357 F.3d at 568 (observing that the government is not required to reveal the names of unindicted coconspirators); *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984) (holding that the Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government"). Therefore, by requesting that the Government be compelled to identify any statements of coconspirators that it intends to offer under Rule 801(d)(2)(E) prior to trial, Defendant Stimpert argues, in essence, that an *Enright* hearing should

10

occur in advance of trial. The Court will subsequently address the admission of a coconspirator's statement when reviewing Defendant Stimpert's motion for a pretrial hearing on the existence of a conspiracy [Doc. 149].[1]

In addition, while Defendant Stimpert requests the summary of the evidence the Government intends to present to establish the existence of a conspiracy and how the Rule 801(d)(2)(E) statements were made in furtherance of the conspiracy, the Court finds this evidence to be a subset of the identification of overt acts, which it has already determined is not required. As discussed above, a bill of particulars is not a means by which the defense may gain "detailed disclosure" of the government's proof pretrial. *Salisbury*, 983 F.2d at 1375. Advance knowledge of the specific evidence the Government will use at trial here would no doubt facilitate trial preparations, but that is not the standard that the Court must employ.

Finally, the Court will address Defendant Stimpert's arguments with respect to a bill of particulars on Rule 404(b) evidence when addressing his motion for pretrial disclosure of Rule 404(b) evidence [Doc. 147].[2] Defendant Stimpert's requests on these topics, however, are improper, as a bill of particulars is not a vehicle by which a defendant may discover the details of the government's proof. *Salisbury*, 983 F.2d at 1375. Therefore, the Court finds that a bill of particulars is not the proper vehicle for the disclosure of discovery on these topics.

Defendant Stimpert seeks for the Government to furnish a bill of particulars involving Federal Rule of Criminal Procedure 11 evaluation and sentencing factors, including the specific amount of drugs that the Government asserts constitutes his foreseeable conduct in the conspiracy, the names of the USSG § 3B1.1 participants in the conspiracy, any USSG Chapter Three

---

[1] *See infra* Section V.

[2] *See infra* Section III.

adjustments which the Government asserts are applicable, and the quantity of methamphetamine that the Government asserts that Defendant Stimpert would be accountable for at sentencing under USSC § 1B1.3 [Doc. 145 ¶ 4(a)–(d)]. While the Court recognizes that the amount of drugs involved and the other requested information may affect Defendant Stimpert's Base Offense Level or a possible enhancement for sentencing, and that an indictment must set forth the elements of a crime, "it need not set forth factors relevant only to sentencing of an offender found guilty of the charged crime." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998); *see, e.g.*, *United States v. Perez-Oladle*, 328 F.3d 222, 224 (6th Cir. 2003); *United States v. Bussell*, No. 3:10-CR-159, 2011 WL 5877079, at *10 (E.D. Tenn. Nov. 23, 2011). Accordingly, the Court finds that a bill of particulars is not appropriate to Defendant Stimpert's requests regarding potential sentencing.

In summary, the Court does not find that a bill of particulars is necessary in this case and it **DENIES** Defendant Stimpert's motion [**Doc. 145**].

## III. DEFENDANT'S MOTION FOR PRETRIAL DISCLOSURE OF RULE 404(B) EVIDENCE [Doc. 147]

Defendant Stimpert requests that the Court to direct the Government to provide him with pretrial notice of its intent to use Rule 404(b) evidence at least thirty days before trial [Doc. 147]. Specifically, he seeks: all factual details, whether the evidence will be introduced by a documentary exhibit, the name of any witnesses providing testimony about any Rule 404(b) evidence along with a summary of that witness's intended testimony and any information bearing upon the witness's credibility, whether any bad act is presently the subject of a pending criminal investigation, and the element of the crime for which each bad act is offered as proof [*Id.*]. He seeks this information so that he can "meaningfully review the evidence and properly prepare to meet such evidence or seek its exclusion if justice so requires" [*Id.* at 2].

The Government responds that the Court's order on Discovery and Scheduling directs the United States to provide notice at least seven days in advance of trial the general nature of any Rule 404(b) evidence it intends to introduce at trial [Doc. 161]. It states that it intends to comply with that order and objects to earlier notice [*Id.*]. It further states that it is presently unaware of any evidence pursuant to Rule 404(b) that it will offer at trial [*Id.*].

Defendant Stimpert replied, indicating that he "has no further reply to the government's response" given that "they are not aware of any 404(b) evidence at this time" [Doc. 168 p. 3].

Federal Rule of Evidence 404(b)(3) requires the government to do the following in a criminal case:

> (A) provide reasonable notice of any [other crime, wrong, or act] evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;
>
> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
>
> (C) to so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b)(3). The Court's Order on Discovery and Scheduling states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise [Doc. 31 ¶ I]. Defendant Stimpert has not provided a sufficient argument for why the Court should deviate from its standard period of reasonable notice, and the Government has stated that it is unaware of any Rule 404(b) evidence that it intends to offer at trial at this time.

Accordingly, the Court **DENIES** Defendant's Motion for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 147**].

## IV.    DEFENDANT'S MOTION FOR DISCLOSURE OF MATERIAL WITNESSES [Doc. 148]

Defendant Stimpert moves the Court to require the Government to inform defense counsel, in writing of the names and addresses of all persons known to the Government or other law enforcement officers to have been present at the times and places of the offense alleged in Count One of the Indictment, conspiracy to distribute and possess with intent to distribute over fifty grams of methamphetamine [Doc. 148]. He asserts that an individual named Gavin OBryan Robinson is not named in the Indictment but is named in two other cases in the Eastern District of Tennessee in which Robinson is charged with conspiracy to possess with intent to distribute cocaine and cocaine base and with being a felon in possession of a firearm [*Id.*]. In each case, Robinson has entered into a plea agreement and is awaiting sentencing [*Id.*].

Defendant Stimpert asserts Robinson is cooperating with the Government and is expected to be a witness for the Government in the trial of Defendant Stimpert [*Id.*]. He bases this assertion on discovery provided by the Government, which shows that Robinson stated Defendant Stimpert was one of Robinson's "biggest meth customers" and "would purchase approximately two pounds of crystal meth at a time for $5,000 a pound approximately 1–2 times a week" [*Id.* at 2]. Yet, Defendant Stimpert claims that there is nothing about the dates these transactions occurred, how frequently these transactions occurred, or who was present at any of these transactions [*Id.*]. Nor is there any mention of methamphetamine in the wiretap-intercepted conversations and texts between Defendant Stimpert and Robinson or any surveillance video of the alleged methamphetamine buys [*Id.*]. Defendant Stimpert asks that the Government disclose any witnesses present during these alleged transactions, witnesses with whom Robinson discussed any of these alleged transactions, and witnesses with whom Defendant Stimpert discussed any of these alleged transactions as material to the preparation of his defense [*Id.*]. Citing *Roviaro v. United*

14

*States*, 353 U.S. 53 (1957), Defendant Stimpert asserts that disclosure of these witnesses would be "relevant and helpful" to his defense and "essential to a fair determination" of this cause [*Id.*].

While acknowledging that the Court has discretion to order the production of an exhibit and witness list under appropriate circumstances, the Government asserts that Defendant Stimpert provides no justification to support his request [Doc. 162]. It also argues that applicable case law calls for the denial of his motion given the circumstances of this case [*Id.*]. Those circumstances are that Defendant Stimpert has been in possession of discovery for approximately 4.5 months, and that discovery, while extensive, has been made available digitally and was organized by evidence type, which should make it "relatively easy" for him to research the case, identify potential witnesses, and prepare for an independent investigation or trial [*Id.*]. The Government further states that it will turn over information regarding the identities of every anticipated witness for the United States before trial, specifically the Friday before trial begins [*Id.*]. And it notes that it provided information and a summary of the statement of coconspirator Robinson to Defendant Stimpert [*Id.*].

Rule 16 of the Federal Rules of Criminal Procedure governs discovery in criminal cases. Under Sixth Circuit precedent, "[t]he discovery afforded by Federal Rule of Criminal Procedure 16 is limited to the evidence referred to in its express provisions." *United States v. Warshak*, 631 F.3d 266, 275 (6th Cir. 2010) (citing *Presser*, 844 F.2d at 1285 (6th Cir. 1988)). This means that, generally, the government is not required to disclose the names of its witnesses before trial. *See United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993); *McCullah*, 745 F.2d at 353; *see also United States v. Turner*, 91 F. App'x 489, 491 (6th Cir. 2004) (holding that a "defendant in a non-

capital case . . . is not entitled to know in advance of trial who will testify for the government").[3]
*But see Roviaro*, 353 U.S. at 60–64 (holding that the informer's privilege does not prevent the
disclosure of the identity of active participants in the crime).

Yet, the Court has discretion to order the government to produce discovery not required by
Federal Rule of Criminal Procedure 16, including a witness or exhibit list, pursuant to its inherent
powers. *United States v. Kendricks*, 623 F.2d 1165, 1168 (6th Cir. 1980) (holding that the district
court has the discretion to order the prosecution to produce a witness list); *Presser*, 844 F.2d at
1285 n.12 (observing that "a trial court may have some inherent power to enter specific orders
compelling the disclosure of specific evidence when justice requires it"). "As a general matter,
courts weigh the interests of a defendant in receiving the witness list against the government's
countervailing interest in keeping the witness information undisclosed." *United States v. Powell*,
No. 12–20246, 2012 WL 6096600, at *6 (E.D. Mich. Dec. 7, 2012). Courts have considered the
following factors in making this assessment:

> (i) whether disclosure of the witness list would expedite trial and
> facilitate docket control; (ii) whether disclosure would cause a
> security issue for the government witnesses; (iii) the amount of time
> the defendant already had to research potential witnesses and
> prepare for investigation; and (iv) whether the government
> previously turned over information with the identities of
> government witnesses.

*Id.* (citations omitted).[4]

---

[3]    This general rule is tempered by the government's obligation under *Brady v. Maryland*,
373 U.S. 83, 87 (1963), to provide a defendant with information that is favorable to his defense
and material to either guilt or punishment. The government "acts at its own peril" if it fails to
provide *Brady* materials in a timely fashion. *Presser*, 844 F.2d at 1281.

[4]    Upon review of the Government's response, which addresses these factors, the Court
ordered Defendant Stimpert to address these factors as well [Doc. 167]. Defendant Stimpert did
so in his reply, asserting that *Powell* involved a request for a list of all of the government's
witnesses in advance of trial, whereas Defendant Stimpert seeks only the witnesses or informants

16

To the extent Defendant Stimpert requests a witness list of anyone present at any alleged methamphetamine sales between him and Robinson, Defendant has failed to establish the need for such disclosure. Disclosure of a witness list at this time may serve to expedite the trial, as Defendant asserts, but the Government will disclose Jencks Act materials the Friday before the trial is scheduled to begin, and this disclosure will serve to expedite the trial as well. As for whether disclosure would cause a security issue for Government witnesses, Defendant Stimpert is incarcerated and asserts he does not have any prior convictions for violent felonies. The Court acknowledges that the Government does not argue the disclosure of witnesses creates a safety issue in this case [*See* Doc. 162]. These factors are neutral or, at most, only slightly favor disclosure.

Finally, with respect to the amount of time Defendant Stimpert has had to research potential witnesses and prepare for investigation and whether the Government has previously turned over information with the identities of Government witnesses, these factors weigh against provision of a witness list here. Defendant Stimpert has been in possession of discovery for many months, and the Government provided the discovery digitally and in an organized fashion. The Government has also provided the statement of coconspirator Robinson, and it will provide all other witnesses on the Friday before the trial. According to Defendant Stimpert, the statement of Robinson provides that Defendant Stimpert purchased two pounds of methamphetamine approximately one to two times a week. Considering all of this, the factors weigh against requiring the Government to provide an early witness list, even as limited to those present at any alleged methamphetamine sales between Defendant Stimpert and Robinson.

---

who were present at any alleged methamphetamine sales between him and Robinson [Doc. 168 pp. 4–5].

Defendant Stimpert, however, also requests a list of any informants present at any alleged methamphetamine sales between him and Robinson. With respect to informants specifically, the Supreme Court has stated that the government possesses a limited privilege to "withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro*, 353 U.S. at 59. "Where the disclosure of an informer's identity, or of the contents of his communications, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, [however,] the privilege must give way." *Id.* at 60–61. In deciding whether a confidential informant's identity should be disclosed, "trial courts must balance the public's interest in protecting the flow of information against the defendant's right to prepare a defense." *United States v. Beals*, 698 F.3d 248, 270 (6th Cir. 2012). In making this determination, courts should consider the "particular circumstances of each case," such as "the crime charged, the possible defenses, [and] the possible significance of the informer's testimony[.]" *Id.* (alterations in original) (quoting *Roviaro*, 353 U.S. at 62). "An informant must be disclosed only upon a showing by the defendant that disclosure is essential to a fair trial.'" *United States v. Dexta*, 136 F. App'x 895, 904 (6th Cir. 2005) (quoting *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992)).

To the extent Defendant Stimpert seeks disclosure of any informants who were present at any alleged methamphetamine sales between him and Robinson, he has failed to "show how disclosure of [] informant[s] would substantively assist his defense." *Moore*, 954 F.2d at 381; *see also United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015) ("A defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted."); *United States v. Sierra-Villegas*, 774 F.3d 1093, 1099 (6th Cir. 2014) ("[A]n in camera hearing is not required when the defendant fails to identify how the informant's

18

testimony could be relevant or helpful."). Defendant Stimpert does not identify "the likelihood that [an informant] possesses necessary information for the defendant's sole defense" or present more than a general statement about the need to effectively prepare for trial. *See United States v. Shanklin*, 924 F.3d 905, 915 (6th Cir. 2019) (noting that, "[a]dmittedly, our precedent has not specified what kind of evidence (and what amount) a defendant is required to produce before he successfully requests disclosure"). "A defendant must provide some evidence that disclosure of the informant's identity would assist in his defense before disclosure will be warranted," *Ray*, 803 F.3d at 274, and "[m]ere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure," *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985) (internal quotation marks omitted). Here, Defendant Stimpert fails to meet these requirements. Moreover, the Government will provide the identity of all of its witnesses on the Friday before trial.

For all of these reasons, the Court **DENIES** Defendant's Motion for Disclosure of Material Witnesses [**Doc. 148**].

V. **DEFENDANT'S MOTION TO SUPPRESS STATEMENTS OF ALLEGED CO-CONSPIRATORS OR IN ALTERNATIVE MOTION FOR A[N] *ENRIGHT* HEARING [Doc. 149]**

Pursuant to *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979), and *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978), Defendant Stimpert moves the Court to suppress any evidence of hearsay statements of alleged coconspirators [Doc. 149]. Alternatively, he moves for a pretrial hearing in which the Government must prove by a preponderance of the evidence the existence of a conspiracy, that Defendant Stimpert was a member of that conspiracy, and that any statements of coconspirators the Government intends to use as evidence at trial are admissible against Defendant Stimpert [*Id.*].

19

In support of his motion, Defendant Stimpert asserts that his counsel's analysis of the discovery provided by the Government to date "has revealed substantial questions regarding Mr. Stimpert's being a member of either of the conspiracies alleged in the indictment and the admissibility of out-of-court statements purported to be in furtherance of the alleged conspiracies" [*Id.* at 1–2]. He claims that no Title III wiretap was set up on any telephone used or owned by him and that while there are many recorded telephone calls and text messages intercepted by Title III wiretaps on telephones of alleged coconspirators, including Robinson, none between Defendant Stimpert and Robinson discuss methamphetamine [Doc. 150]. And as far as defense counsel can tell, Defendant Stimpert did not have contact with any of the alleged conspirators other than Robinson [*Id.*].

While asserting that statements made amongst coconspirators fall within an exception to the hearsay rule, the Government acknowledges that it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy, and that the hearsay statement was made in the course and in the furtherance of the conspiracy [Doc. 163]. It asserts, however, that the practice in this Court is to admit the hearsay statements subject to a later demonstration of their admissibility [*Id.* at 3 (citing cases)]. This practice, according to the Government, avoids an unnecessary, burdensome, and time-consuming pretrial hearing and prevents a defendant from circumventing the specific rules of pretrial discovery [*Id.* at 3–4]. Finally, it asserts that a hearing in this case is premature because Defendant Stimpert has not even identified the statements at issue [*Id.* at 5].

Under the Federal Rules of Evidence, for a statement of a coconspirator to be admissible non-hearsay, the statement must be "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit has approved three procedures

for resolving the admissibility of alleged coconspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the coconspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. *Vinson*, 606 F.2d at 152–53 (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)).

Defendant Stimpert requests the first of these options, a pretrial hearing. The Court observes that it is the historical practice in the Eastern District to use the third of the three options, which the Court will refer to as the "provisional admission option." Defendant Stimpert claims this option is not appropriate in this case because "there are substantial questions regarding whether Mr. Stimpert was a member of the methamphetamine distribution conspiracy in Count One[,]" noting that he is not charged in Count Two, which alleges a cocaine distribution conspiracy [Doc. 168 pp. 5–6].

The Sixth Circuit has observed that pretrial hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." *Id.* at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." *Id.* The decision of which of the three options to use falls squarely within the district judge's sound discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative"). A change from the provisional admission option, historically employed in the Eastern District, is not warranted when the proponents of the pretrial hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option. *United States v.*

*Martin*, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008), *aff'd by*, 516 F. App'x 433 (6th Cir. 2013).

The Court has considered the Defendant's arguments and finds no reason to depart from the traditional provisional admission approach in this case. Defendant Stimpert has failed to demonstrate "specific prejudice" resulting from the use of the provisional admission option here. *See id.* And because the Defendant's motion relates directly to trial procedures and/or the admissibility of evidence at trial, the Court defers to the historical practice employed in this District of permitting the Government to present the statement before proving the conspiracy and then instructing the jury that the Government must prove the conspiracy before it can consider the statement. Moreover, the Court observes that the Government will provide the Jencks Act materials, including the statements of any coconspirators testifying for the Government, the Friday before trial. This early disclosure of Jencks Act materials will give Defendant Stimpert an opportunity to raise the issue of the admissibility of coconspirator statements with the District Judge with greater specificity.

Accordingly, Defendant's Motion to Suppress Statements of Alleged Co-Conspirators or in Alternative Motion for a[n] Enright Hearing [**Doc. 149**] is **DENIED**.

## VI. CONCLUSION

For the reasons set forth above, the Court **DENIES**:

1. Defendant's First Specific Brady Motion for Disclosure of Specific Items of Impeaching Information [**Doc. 144**];

2. Defendant's Motion for a F.R.CR.P. Rule 7(f) Bill of Particulars [**Doc. 145**];

3. Defendant's Motion for Pretrial Disclosure of Rule 404(b) Evidence [**Doc. 147**];

4. Defendant's Motion for Disclosure of Material Witnesses [**Doc. 148**]; and

5.  Defendant's Motion to Suppress Statements of Alleged Co-Conspirators or in Alternative Motion for a[n] *Enright* Hearing [**Doc. 149**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge